**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KATALIN PETER, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br><br>NELSON, WATSON & ASSOCIATES, LLC, LVNV FUNDING, LLC, and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, KATALIN PETER, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, NELSON, WATSON & ASSOCIATES, LLC (hereinafter "NWA") and LVNV FUNDING, LLC (hereinafter "LVNV"), and JOHN DOES 1-25, collectively (hereinafter "Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the defendants resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the County of Passaic, State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      NWA is a foreign limited liability company with its executive offices located at 80 Merrimack Street, Lower Level, Haverhill, MA 01830.

8.      Upon information and belief, NWA is primarily in the business of acquiring and/or collecting debts that allegedly due to another and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

9.      LVNV is a foreign limited liability company with its executive offices located at 15 South Main Street, Suite 600, Greenville, South Carolina 29601.

10.     Upon information and belief, LVNV is primarily in the business of acquiring and/or collecting debts that allegedly due to another and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

11.    John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

12.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

13.    This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who received collection letters and/or notices from the Defendants that contained at least one of the alleged violations arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

14.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.    Whether the defendants violated various provisions of the FDCPA including but not limited to:

    15 U.S.C. §§1692g(a)(1) and 1692e(10);

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## <u>STATEMENT OF FACTS</u>

15.    On or before October 15, 2007, LVNV acquired a debt allegedly owed by Plaintiff to Sears. Said Debt was placed with Central Credit Services, Inc. for the purpose of collection.  A copy of the initial written communication with Plaintiff is annexed hereto as **<u>Exhibit A</u>**.

16.    On or about October 9, 2008, LVNV place the alleged debt with NWA for the purpose of collection.

17.    On or about October 9, NWA caused to be delivered to Plaintiff a collection letter addressed to Plaintiff.  Upon receipt Plaintiff read said letter.  Said letter demanded payment of a

debt allegedly owed to LVNV as assignee of Sears. A copy of said letter is annexed hereto as **Exhibit B.**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692**
**VIOLATION OF 15 U.S.C. § 1692g(a)(1).**

18.     Plaintiff repeats the allegations contained in paragraphs 1 through 17 as if the same were set forth at length.

19.     Collection letters and/or notices such as those sent by Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

20.     Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

21.     Section 1692g(a)(1) of the FDCPA requires the debt collector to:

> "Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing --- the amount of the debt."

22.     Defendants violated Section 1692g(a)(1) of the FDCPA by failing to inform Plaintiff that the "Total Balance $7158.12" as stated in the initial communication was subject to increase due to interest continuing to accrue on the unpaid principal balance.  *See* **Exhibit B.**

23.     Plaintiff suffered damages when Defendants failed to provide language in the initial communication, dated October 9, 2008, from NWA, informing Plaintiff that the amount of the alleged debt could increase over time due to the interest continuing to accrue on the unpaid principal balance. *See* **Exhibit B.**

24.     By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that

Defendants' conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 VIOLATION OF 15 U.S.C. § 1692e(10)

25.     Plaintiff repeats the allegations contained in paragraphs 1 through 26 as if the same were here set forth at length.

26.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

27.     Defendants violated Section 1692e(10) by falsely stated the amount of the alleged debt.

28.     Plaintiff suffered damages when Defendants falsely stated the amount of the alleged debt in the initial communication, which she read upon receipt.

29.     By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(10) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b)     Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)     Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d)     Awarding Plaintiff and the Class statutory damages;

(e)     Awarding Plaintiff costs of this Action, including reasonable attorney's fees and expenses; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
        December 30, 2008

_s/ Joseph K. Jones_____
Joseph K. Jones (JJ5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

**<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

_s/ Joseph K. Jones_____
Joseph K. Jones (JJ5509)

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated: December 30, 2008

<i>s/ Joseph K. Jones</i>_____<br>
Joseph K. Jones (JJ5509)

# EXHIBIT

# A

PO. Box 18069
Hauppauge, NY 11788-8869

4 4 00000410 489935

**|||‖|‖‖‖‖‖‖‖|‖**
ꞮꞱ8Ꝺ99Ʇꝺ
*Personal & Confidential*

# Central Credit Services, Inc.
## A Collection Agency Since 1987
P. O. Box 15118
Jacksonville, FL 32239-5118
888-904-1800

MONDAY.-THURSDAY 8AM-9PM, FRIDAY 8AM-5PM,
SATURDAY 8AM-NOON EASTERN TIME

3423194:
Katalin Peter
760 Grove St
Clifton NJ 07013-3839

October 15, 2007

| | |
|---|---|
| **Client:** | LVNV FUNDING LLC |
| **Orig. Creditor:** | Sears |
| **Account:** | 5121071803386816 |
| **Balance:** | $6,754.89 |

This claim has been sent to us for collection.  Unless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within thirty days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within thirty days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,
Central Credit Services, Inc.

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained shall be used for that purpose.

▾ Please Detach And Return in The Enclosed Envelope With Your Payment ▾

Date: October 15, 2007

3423194-00100-11906
Katalin Peter
760 Grove St
Clifton NJ 07013-3839

Balance: $6,754.89

Amount Enclosed:_____

**Central Credit Services, Inc.**
Dept. A
P.O. Box 15118
Jacksonville, FL 32239-5118

CCS00100.1
CCSB.WFD
489935

# EXHIBIT

# B

*Nelson, Watson & Associates, LLC*

PO Box 1299
Haverhill MA 01831
RETURN SERVICE REQUESTED

80 Merrimack Street Lower Level
Haverhill, MA 01830
Phone: 800-764-1320 • Fax:(978) 469-9046

October 9, 2008

Current Creditor:
LVNV FUNDING LLC
Acct #:            276355248
Balance Due: $7158.12

RESG117314 - A1500 - 807
Katalin Peter
760 Grove St
Clifton NJ 07013-3839

Nelson, Watson & Associates, LLC
PO Box 1299
Haverhill MA 01831-1799

---

*** Detach Upper Portion and Return with Payment ***

807-NWAA2150-TY9C7A7CF4

Acct No.: 276355248
Current Creditor: LVNV FUNDING LLC
Original Creditor: SEARS

Principal:         $6739.38
Interest:          $417.63
Total Balance:     $7158.12

The above referenced account has been placed with this office for collection.   Remittance of the payment in full is hereby requested.

For your security, please make all payments payable to Nelson, Watson & Associates, LLC.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.   If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please call Monday through Thursday 8am to 9pm EST, Friday 8am to 5pm EST, or Saturday 9am to 1pm EST.

**This communication is from a debt collector. This is an attempt to collect a debt.  All information obtained will be used for that purpose.**

Sincerely,
Consumer Services Department

**See next page for important privacy information**

IF YOU WISH TO PAY BY VISA OR MASTERCARD, (CIRCLE ONE) FILL IN THE INFORMATION
BELOW AND RETURN THE ENTIRE LETTER TO US IN THE ENCLOSED ENVELOPE.

  

$ ____              ___ / ___

| Account Number | Payment Amount | Expire Date |

| Card Holder Name | Signature of Card Holder |